■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST CUNNINGHAM, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Suffolk County, dated January 5, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered May 26, 1954 on his plea of guilty, convicting him of grand larceny in the second degree, and imposing sentence upon him as a second felony offender. Order affirmed. In this proceeding, the defendant challenges the validity of his 1954 sentence as a second felony offender. It was sufficiently shown that defendant had pleaded guilty to and was convicted of a prior felony. He pleaded guilty to an indictment returned in the Essex County Court, New Jersey, containing three counts, one of which charged a felony, viz.: breaking and entering at night with intent to steal. The other two counts would be regarded here as misdemeanors. It is inescapable logic that if a man pleads guilty to a felony he pleads guilty to it irrespective of the number of other or different degrees of the same offense to which he also pleads guilty. In any event, here, distinguishing the felony from the misdemeanors, defendant was specifically informed before pleading that he was charged with breaking and entering and larceny by night. Then, when defendant was asked how he pleaded, he replied "Guilty." After further colloquy as to the right to counsel, defendant reiterated his plea of guilty. That was a plea to the felony count, and he was accordingly sentenced to a year in the penitentiary at hard labor. The issue here has previously been adjudicated on the merits adversely to the defendant, first in a habeas corpus proceeding (*People ex rel. Cunningham* v. *Denno*, 3 A D 2d 837); and then, on the basis of that determination, in a *coram nobis* proceeding decided by the County Court of Suffolk County on June 24, 1960. Beldock, P. J., Ughetta and Rabin, JJ., concur; Christ and Hopkins, JJ., dissent and vote to reverse the order and to remit the proceeding to the County Court of Suffolk County for a hearing on the merits of the application, with the following memorandum: The basis of defendant's treatment as a second felony offender was a 1951 New Jersey conviction on his plea of guilty to a three-count accusation, charging him: (1) with breaking and entering a building at night (a felony in New York); (2) entering without breaking the same building at the same time; and (3) larceny of personal property of the value of $35 (both misdemeanors in this State). Counts one and two are inconsistent, and both cannot be true. When defendant pleaded guilty, he pleaded to the entire indictment. If the first count be true, then he is now a second felony offender and he was properly sentenced. But if the second count be true, then he is now a first felony offender and he was improperly sentenced. He is entitled to the construction of the New Jersey accusation most favorable to him. Hence, whether the conviction be on a jury's verdict or because of the defendant's plea of guilty, it may not be regarded as an adequate basis for multiple offender treatment (*People* v. *Caracelli*, 309 N. Y. 853). The reference by the State prosecutor, as recorded in the minutes of the New Jersey proceeding, to the charge as being one for "breaking, entering and larceny by night," is legally irrelevant. When a defendant pleads guilty, he pleads to an indictment (or information) and not to that portion of it

which, for some reason or other, happens to be mentioned in a statement describing the indictment (*People ex rel. Goldman* v. *Denno,* 9 N Y 2d 138, 142).